UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATIE STILES,

    Plaintiff,

vs.                                                                Case No. 8:12-cv-02375-T-27EAJ

SHERIFF GRADY JUDD et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Fifth Amended Complaint (Dkt. 71), which Plaintiff opposes (Dkt. 73). Upon consideration, the motion (Dkt. 71) is GRANTED *in part* and DENIED *in part*.

### STANDARD

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain enough facts to make a claim for relief "plausible on its face." *Id.* at 1324-25. Facial plausibility is satisfied when a plaintiff pleads sufficient factual content that allows a reasonable inference to be drawn the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). All reasonable inferences are drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### *Punitive Damages Amendments*

Defendant moves to dismiss or strike punitive damages claims asserted in Stiles' Eighth and Fourteenth Amendment claims. Plaintiff agrees to withdraw these damage claims. Accordingly, they will be stricken.

### *Count VI - Americans with Disabilities Act*

Sheriff Judd also moves to dismiss Count VI of the Fifth Amended Complaint, brought under the ADA. This claim was previously dismissed without prejudice (*see* Dkt. 62) because the allegations of the Fourth Amended Complaint did not allow a plausible inference that Norris was discriminated against *because of* or *due to* his mental illness. The amendment to this claim cures this deficiency and crosses the threshold of plausibility.

Title II of the ADA prohibits a "public entity"[1] from discriminating against "a qualified individual with a disability" on account of the individual's disability:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. This provision reaches "all discrimination by a public entity," regardless of the form it takes. *Bledsoe v. Palm Beach Cnty. Soil & Water Conservation Dist.*, 133 F.3d 816, 821-22 (11th Cir. 1998); *see Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1085 (11th Cir. 2007) (the final clause of § 12132 "is a catch-all phrase that prohibits all discrimination by a public entity, regardless of the context").

---

[1] Title II covers inmates held in state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 205, 211 (1998).

To state a *prima facie* claim under Title II, a plaintiff must allege "(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination *was by reason of the plaintiff's disability*." *Am. Ass'n of People with Disabilities v. Harris*, 647 F.3d 1093, 1101 (11th Cir. 2011) (emphasis added). Defendant's motion addresses the third prong, whether Stiles has plausibly alleged that Norris was discriminated against by reason of his disability.

Title II vests legislative authority in the Attorney General to issue implementing regulations. The so-called "integration regulation" requires public entities to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d); *see Henderson v. Thomas*, 913 F. Supp. 2d 1267, 1287 (M.D. Ala. 2012). "[T]he most integrated setting appropriate" is "a setting that enables individuals with disabilities to interact with non-disabled persons to the fullest extent possible." 28 C.F.R. Part 35, App. B (2011); *see Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 592 (1999); *Henderson*, 913 F. Supp. 2d at 1287.

In *Olmstead*, the Supreme Court addressed whether Title II "may require placement of persons with mental disabilities in community settings rather than in institutions," answering with a "qualified yes," and holding that the unjustified isolation of a disabled individual may properly be regarded as discrimination based on disability. 527 U.S. at 587; 597. *Olmstead* concerned two qualified individuals with mental disabilities who were voluntarily admitted to a hospital for psychiatric treatment. *Id* at 593. Despite the assessment of their treatment teams that their needs could be met in a community-based program, they remained institutionalized. *Id.* The individuals

3

contended that the State's failure to place them in a community-based program once their treating professionals determined that such a placement was appropriate violated Title II. *Id.* at 594.

Pointing to the integration regulation, the Supreme Court held that "[u]njustified isolation . . . is properly regarded as discrimination based on disability." *Id.* at 597. The Court ultimately concluded that "States are required to provide community-based treatment for persons with mental disabilities when the State's treatment professionals determine that such placement is appropriate, the affected persons do not oppose such treatment, and the placement can be reasonably accommodated, taking into account the resources available to the State and the needs of others with mental disabilities." *Id.* at 607.

Relying on *Olmstead*, Stiles argues that the Fifth Amended Complaint sufficiently alleges a violation of Title II because Norris was unjustifiably isolated from other prisoners on the basis of his mental illness, despite his suicide watch having ended.[2] Stiles is correct. Drawing all reasonable inferences in favor of Stiles, and reading Paragraphs 13, 17, 27, 90, and 91 as a whole, the complaint sufficiently alleges that Norris' isolation was unjustified and occurred "by reason of his disability."[3] At the pleading stage, these allegations permit a reasonable inference of liability under the reasoning of *Olmstead*.

Finally, Sheriff Judd argues that inmates without mental illness could also be placed in solitary confinement and restraints if they demonstrated the same suicidal tendencies and ideations Norris did. To the extent this is an argument that a reasonable inference of discrimination cannot

---

[2] Unlike the claims in *Olmstead*, Stiles' claims do not concern the integration of institutionalized, mentally ill patients. In analyzing ADA claims based on *Olmstead*, the First Circuit has found this distinction "significant." *Buchanan v. Maine*, 469 F.3d 158, 173 (1st Cir. 2006).

[3] The ADA imposes only a "but-for" causation standard for liability, rather than a proximate causation standard. *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1077 (11th Cir. 1996).

be drawn from the allegations in the complaint because there are no allegations of disparate treatment, *Olmstead* rejected a similar argument, commenting that "[w]e are satisfied that Congress had a more comprehensive view of the concept of discrimination advanced in the ADA." *Olmstead*, 527 U.S. at 598.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss Fifth Amended Complaint (Dkt. 71) is **GRANTED *in part*** and **DENIED *in part***. The motion is granted to the extent that the punitive damages claims of Counts I and IV are **STRICKEN**. In all other respects, the motion is **DENIED**. Defendant shall answer the Fifth Amended Complaint within **fourteen (14) days** of the date of this Order.

**DONE AND ORDERED** this 25th day of November, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record