UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KATIE STILES, individually and as
personal administrator of the Estate
of Bradley L. Norris, deceased,**

    **Plaintiff,**

**v.**                                                     Case No: 8:12-CV-2375-T-27EAJ

**SHERIFF GRADY JUDD, et al.,**

    **Defendants.**
_____/

## ORDER

Before the Court is Defendant Sheriff Grady Judd's ("Defendant Judd's") **Motion for Protective Order and Supporting Memorandum of Law** (Dkt. 94) and Plaintiff Katie Stiles ("Plaintiff's") **Motion to Strike Defendant Grady Judd's Motion for Protective Order, or, in the Alternative, Plaintiff's Opposition to Same** (Dkt. 96).

## Background

On October 19, 2012, Plaintiff Katie Stiles ("Plaintiff") filed a complaint against Defendants Polk County Sheriff Grady Judd, Correctional Medical Services, Inc. (now known as Corizon, Inc.) ("Defendant Corizon"), and nine individuals employed by the Polk County Sheriff's Office ("Sheriff's Office") and Defendant Corizon, alleging violations of civil rights, disability discrimination, and negligence for decedent Bradley L. Norris. Both federal and state claims are presented. Defendant Judd seeks a protective order for public records requests made by Plaintiff's counsel.

Defendant Judd states that Plaintiff's counsel improperly sought public records beyond the parameters of discovery for this case by submitting public records requests to the Polk County

Sheriff's Office records custodian seeking information related to a contract for the care of county jail inmates between the Sheriff's Office and Defendant Corizon. Specifically, Defendant Judd states that the actions of Plaintiff's counsel circumvent the Case Management and Scheduling Order and Rules of Civil Procedure, resulted in *ex parte* contact with employees of the Sheriff's Office and Defendant Corizon who are represented parties, and preclude Defendants from asserting any objections they would normally be afforded through traditional discovery. Defendant Judd seeks a protective order requiring Plaintiff's counsel to withdraw the public records requests and limiting Plaintiff's future discovery requests to the traditional discovery procedures of the Court.

## Discussion

Federal courts apply federal procedural law and state substantive law where subject matter jurisdiction is based on diversity of citizenship between the parties or where the court is exercising pendent and ancillary jurisdiction. Erie. R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Lundgren v. McDaniel, 814 F.2d 600, 605 (11th Cir. 1987). Here, the Court's jurisdiction arises under Plaintiff's federal claims, and the Court has pendant jurisdiction over Plaintiff's state law claims. The discovery rules, which are procedural, contained in the Federal Rules of Civil Procedure are accorded broad and liberal treatment. See Vinson v. Humana, Inc., 190 F.R.D. 624, 626 (M.D. Fla. 1999). Where, as here, a court has pendent jurisdiction over a claim arising under Florida law, the Erie doctrine requires the court to apply Florida substantive law to resolve the claim. See Felder v. Casey, 487 U.S. 131, 151 (1988) (citations omitted).

"The right to inspect a public record in Florida is not one that is merely established by legislation, it is a right demanded by the people." Nat'l Collegiate Athletic Ass'n v. Associated Press, 18 So. 3d 1201, 1206 (Fla. 1st DCA 2009). "Every person has the right to inspect or copy

any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution." Fla. Const. art. I, § 24. Florida's Public Records Act is found in Chapter 119 of the Florida Statutes. "The public records act 'is to be construed liberally in favor of openness, and all exemptions from disclosure are to be construed narrowly and limited in their designated purpose.'" Lightbourne v. McCollum, 969 So. 2d 326, 332-33 (Fla. 2007) (quoting City of Riviera Beach v. Barfield, 642 So.2d 1135, 1136 (Fla. 4th DCA 1994)).

In Wait v. Florida Power & Light Co., the Florida Supreme Court held that a party that "engag[ed] in litigation before a federal forum [does not] give[ ] up its independent statutory rights to review public records under chapter 119. The fact that Florida Power & Light simultaneously engaged in litigation before a federal agency does not in any way prevent its use of chapter 119 to gain access to public documents." 372 So. 2d 420, 424 (Fla. 1979). The Court noted that the forum where the litigation is pending "will decide whether documents obtained pursuant to chapter 119 can be used in that litigation." Id. at 424-25

While the Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ," Fed. R. Civ. P. 26(b)(1), Florida's Public Records Act does not provide such a restriction to seeking only relevant information in a public records request. See Lightbourne, 969 So. 2d at 333. Florida courts have not specifically addressed the "mingling the provisions of the Public Records Act with discovery rules . . . ." State, Dep't of Highway Safety & Motor Vehicles, Div. of Highway Patrol v. Kropff, 445 So. 2d 1068, 1069 n.1 (Fla. 3rd DCA 1984).

3

Given the open access policy considerations of Florida's Public Records Act and the Florida Supreme Court's decision in Wait, the Court finds Plaintiff's request under Florida's Public Records Act is not barred by the pending litigation in this case. Whether the request is proper or whether any exemption is applicable is not for this court to determine; moreover, the issue of the admissibility of any information so obtained is premature at this point. All that can be said is that Defendants have not shown that Plaintiff is precluded from making a request under the Florida Public Records Act by any provision in the Federal Rules of Civil Procedure or caselaw governing discovery in a civil case of this type.

But Defendants also raise the point that Plaintiff should have provided notice to counsel in this case that it was serving a public records request which arguably mirrored a request to produce served in discovery. (Dkt. 94 at 4) On this issue, the Court finds Defendants' concerns appropriate. By way of analogy, under Rule 45, Federal Rules of Civil Procedure, a party may issue a discovery subpoena commanding production of documents, electronically stored information, or tangible things. Fed. R. Civ. P. 45(a)(1)(A)(iii). However, notice and copy of the subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)*.* In the future, a copy of any public records request relating to this case should be served on opposing counsel (but not filed with the Clerk) to avoid any confusion, delay, or needless litigation.[1] See

---

[1] That being said, Defendant Judd's claim that Plaintiff's counsel engaged in an *ex parte* communication in the past by making the public records request to Defendant Judd's records custodian and employees of Defendant Corizon is rejected based upon Plaintiff's response. Plaintiff's counsel represents that similar requests have been made in other litigation, and Plaintiff's counsel had communicated with Defendant Judd's counsel regarding prior public records requests. (Dkt. 96 at 4) Additionally, Plaintiff's counsel asserts that any contact made with Defendant Corizon was inadvertent. (Dkt 94, Ex. 3 at 5) Based on these representations, the Court finds insufficient evidence that counsel engaged in improper conduct in the past by making these contacts without notifying counsel. Going forward, however, the notice described above must be provided.

4

Rule 1, Fed. R. Civ. P. (federal civil rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.")

Accordingly, and upon consideration, Defendant Judd's motion for protective order is **DENIED** to the extent that it seeks to prohibit Plaintiff from utilizing Florida's Public Records Law but **GRANTED** to the extent that Plaintiff shall provide a copy of any future public records request relating to this case to counsel for any Defendant contemporaneously with the request.

**DONE AND ORDERED** in Tampa, Florida on this 13th day of March, 2014.

ELIZABETH A JENKINS
United States Magistrate Judge